May it please the court. My name is Scott Basil and I am appearing today on behalf of the defendant appellants in this case along with my colleague Robert Leandro. Your honors, this appeal presents the question of whether four defendants have lost their right to proceed in federal court under the Class Action Fairness Act because of a forum selection clause in a contract that none of them signed. As your honors are aware, this case has previously been before this court. In the clause, the plaintiff's contract with one defendant precluded that defendant's right to remove this case. However, under CAFA, any one defendant may remove. Accordingly, this court held that if any one of the remaining defendants is not bound by the clause, then this case must proceed in federal court. The burden of proof on this issue is with the plaintiffs. The plaintiffs must prove that all four non-signatories are bound under an applicable state law theory. At the district court on remand, your honors, the plaintiffs presented two theories, an alter-ego doctrine theory and a theory under the Seventh Circuit's closely related test. Plaintiffs' evidence, however, fails to establish either theory and the district court made several legal errors when it came to the opposite conclusion. As a result, your honor, the trial court's decision should be reversed and this matter should proceed into federal court. Your honors, I'd like to explore these points in greater detail, but before I did so, I would be helpful to direct the court's attention to page 5 in the appellate's opening brief, which is a diagram which lays out each of the defendants, their place of organization, and their relationship in terms of ownership to one another. As your honors are aware, the plaintiffs are two former residents of Franklin Manor. Franklin Manor is an adult care home in Franklin County, North Carolina. It is operated by Franklin Operations. That is the signatory to the plaintiffs and the plaintiffs allege that these contracts were breached because Franklin Manor did not provide sufficient care to meet their needs. What's at issue here are the four additional defendants that the plaintiffs named in their lawsuit, none of which signed the form selection clause. And your honor, in the chart it lays out Saber Holdings, which is a holding company that owns either directly or indirectly the remaining defendants. It has no involvement in the day-to-day operations of Franklin Manor. There's Queen City LLC and Smithfield LLC, your honors, and those operate two different adult care homes, one in Charlotte, 200 miles away from Franklin Manor, and then the other one in Johnston County. And neither of those companies had anything to do with plaintiff's care at Franklin Manor. Finally, your honor, Saber Group. Saber Group is an Ohio company that provides consulting services to over a hundred companies, one of which includes Franklin Operations. Your honor, I'd like to first start with plaintiff's alter ego or veil-piercing theory. This theory fails to bind any one of the defendants to the form selection clause, let alone all four. I'll start with defendant's Saber Health Care Group. Ohio law categorically bars Saber Health Care Group. Mr. Basil, it's one of the issues in this case is whether or not the district court understood our opinion, as you suggest, the original plaintiffs make their case with respect to this form selection issue by a preponderance of the evidence. And so, if I understand your position, you say that's incorrect, but rather than remand, you propose that we decide this issue now in the first instance as the panel? Your honor, our position is yes, the district court did use the incorrect legal standard. It applied only a prima facie showing and it resolved all inferences in the favor of the plaintiffs, who were the moving parties with the burden of proof. But your honors, our position today and our principal argument is even under that erroneous standard, which gave the plaintiffs the benefit of all doubt, as a matter of law, when you look at the required state law elements under these doctrines, they cannot be met even with the plaintiff's evidence when you draw all inferences in their favor. So your honor, our position is there really is no need to remand the matter because under the evidence that the plaintiffs have presented, there is no basis under the doctrine. Well, but if the plaintiffs were laboring under the proposition that they didn't have to meet a preponderance of the evidence standard, but simply had to make a prima facie case, as the district court suggested, why shouldn't it go back in order to allow them to present whatever additional evidence they might have? Well, your honors, in this case, there was discovery that was conducted below and the plaintiff's evidence when they presented it, it was all viewed in the light most favorable to them. But your honor, I'd like to bring your attention then to, if we're looking at the alter ego theory, the operative fact here, which is not disputed, is, for example, Saber Health Care Group is an Ohio-based company. And under Ohio law, which applies to an alter ego analysis of an Ohio company... Well, that brings up an interesting issue. You've got a whole mix of companies here, some in Ohio, some in Virginia. Why isn't the proper veil-piercing methodology, why isn't it simply to look at the company whose veil you propose to pierce, as opposed to separating out these entities and looking at them individually? Your honor, because, for example, with Saber Health Care Group, yes, your honor, they are trying to pierce the veil of Franklin Operations, which is a Virginia company. So why don't we simply look to Virginia law? Your honor, because it's a two-step process when you're trying to sister-pierce, because piercing is done under the lines of ownership, your honor. So it's a two-step process when you're doing a sister-piercing. One is the traditional veil-piercing to get to the parent. Your honor, Virginia law would apply to that. But to get to Saber Health Care Group, you have to apply Ohio law, because you do reverse-piercing from the parent back down into one of the sister companies. And your honor, just like Ohio law, it's the same principle. That's where sister-piercing is based. And under Ohio law, you cannot reverse-pierce. You can't reverse-pierce from the parent to get back down into the subsidiary as a matter of Ohio law. And your honor, the district court here, the plaintiffs don't dispute in their briefing this result under Ohio law. The issue on appeal is, does Ohio law apply? And the district court... Is it your view that the choice of law here matters, or whether we apply Virginia or Ohio law, is there simply not enough evidence in this record to make out a claim of alter ego? Yes, your honor. There is still, even regardless of the choice of law, that is applied. And it is very clear for some of the entities that there's a categorical bar. But for example, with Saber Holdings, let's say you're applying just Virginia law to get to Saber Holdings. Your honor, in the trial court's order at the joint appendix 1124, this is what he says about Saber Holdings. It's an Ohio company, and it holds the membership interest in, either directly or indirectly, the other defendants. Regardless of the choice of law, North Carolina, Virginia, Ohio, the law on all of those is clear. Ownership alone, even if complete ownership, is insufficient to disregard the corporate form of a subsidiary to reach the parent. What about this proposition that the plaintiff must prove only that it was reasonably foreseeable that the defendants would be bound by the form of selection clause, not a full alter ego or corporate piercing analysis? Yes, your honor. There are two alternative theories. We do believe the alter ego theory can't be applied to any of them. But then under the alternative theory, the closely related test. Judge Boyle devoted two sentences of his order to the plaintiff. Even if under the closely related test, that cannot apply to bind all of the four non-signatories. The reason for that is under the closely related test, you have to be closely related to the underlying dispute. We'll take, for example, Queen City LLC, the defendant, Queen City LLC, a non-signatory. It operates the crossings at Steel Creek, which is a facility in Charlotte, North Carolina, 200 miles away from Franklin Manor. The plaintiffs testified in their own deposition, which is in the record below, that Bartles and Fall had never visited, never received care at, never contracted with, never spoke to anyone at, and had never even heard of the crossings at Steel Creek before filing the lawsuit. Your honor, that's in the joint appendix at 531 to 37 and 555 to 59. There is no evidence in the record, nor could there be. Plaintiffs didn't present any more evidence. Can I ask the question that sort of precedes that? I mean, this choice of law question is one that I think is complicated, but we talk about which state law applies for alter ego liability, and I can understand that debate reasonably well. Where I have trouble figuring out is why do we then go to federal law in Hugel, which is not our circuit, obviously, to find a separate doctrine that doesn't exactly capture it, and to the extent it has any clarity, it's not apparent on its face. When we're debating about what state law applies, and then we come in and say, well, if the state law doesn't apply, let's address this federal common law from the Seventh Circuit to determine whether it applies. Well, why are we even talking about that? Your honor, I think that makes a very valid point. I mean, under the Arthur Anderson v. Carlisle decision, which was here as a way to, the Arthur Anderson case said, if you're going to bind a non-signatory to a contract, you look to traditional state law principles. And your honors, I agree. The plaintiffs have not provided any underlying state court authority, whether in Ohio law or North Carolina law, to apply that doctrine. Okay. So then if that's true, tell me why your clients argued the Hugel test in the first iteration of this. And so tell me why, even if I can't figure out why we're applying a federal common law from the Seventh Circuit, why haven't you forfeited or waived that argument by affirmatively relying on it in our first appeal? Your honor, the parties in the first appeal were looking to case law, federal case law, where it was even addressing whether or not non-signatories were bound. The argument that my client made in the first appeal was that even if you look under that test, it's not met here. And saying, if that's where federal courts are looking at, that test is not met. And the precise reason is for Queen City LLC. There's no evidence that it's connected whatsoever to the dispute. We frankly don't understand why Queen City has even been named. Well, in this dispute, the common theme is, in the underlying dispute, it's about chronic understaffing. And the allegations are that all four of these entities engaged in that conduct. So why didn't that help the plaintiffs out? Your honor, because in Bartles 1, this court made clear that the plaintiffs are entitled to insist upon the Franklin Manor Forum Selection Clause, because they are not suing the Gabriel Manor or the Crossings defendants for any breach of their contracts that they had with their residents. Your honor, if they were, the do not require venue in Franklin Manor. So if we're looking at the care those entities provided to their residents and their contracts, well then they would have had an independent right to remove this case in the first instance. But your honor, they're suing those entities as alter egos. So with that, we need to look at the connection that Queen City LLC, for example, has with related to the plaintiff's dispute? And the plaintiff's dispute here is very clear. They say, we did not get the care that we contracted for at Franklin Manor. Queen City LLC simply has nothing to do with that dispute. And your honors, too, I think it's important to mention that the Seventh Circuit's closely related test is generally not applied even in the circumstances of this case. So even if this court were inclined to adopt the Seventh Circuit's closely related theory, it doesn't need to do so in this case. If you look at all of the cases cited by the plaintiffs and you look at all of the cases cited by the defendants and all the briefing that we did below, under none of the cases are being applied in this circumstance. The circumstances where it's applied is to prevent a signatory to a forum selection clause from evading that clause by simply adding other parties to the lawsuit. It functions as an estoppel doctrine. Take the facts of Wagle, for an example. Wagle was a member of the society of Lloyd's Society so that he and his company could underwrite insurance for Lloyd's of London. And the forum selection clause in his contract said you got to bring all lawsuits in England. Wagle sued in Illinois. And then Wagle argued he could do so because I've joined my two other companies as party plaintiffs. And your honor, the court there was looking at it and saying, okay, these are closely related to the dispute. These were the companies you were using in underwriting insurance and all that. You can't evade the forum selection clause by adding them as party plaintiffs. Can I follow up on my colleague's questions about the closely related theory? So let's assume for the moment that that is something that's properly before the court. We should consider it. If we agree with you that Judge Boyle simply misapplied the test, is it your position that there was sufficient discovery on this issue as well such that we could decide this issue now? Or is it more appropriate to send it back and have Judge Boyle, if we agree with you, that you have to connect it to the actual dispute, decide that in the first instance? Your honor, there is no evidence below in the record after discovery and plaintiffs did not present any, nor could they, your honor, to bind, for me, to the dispute at Franklin. Well, I guess what I'm asking is how was this framed to Judge Boyle? Was it framed in a manner, and I understand that you say that the test was improperly applied, but is that how he, is that how this whole evidentiary presentation, you know, was submitted to the judge based on an erroneous theory? No, your honor. It was submitted to the judge that the plaintiffs bore the burden to prove that if this closely related test could apply, that it was their burden to come forth with evidence to prove that it would apply. And, your honor, even under that erroneous standard that Judge Boyle used, where all the inferences were granted in their favor, and in addition with that, with a prima facie showing where all inferences are granted in their favor, Judge Boyle did not consider, he did not weigh our evidence. He was only considering a one-sided view of the plaintiff's evidence. With all of that, and all of the discovery that's been done, more than 15 depositions, all of that going through, there is no evidence in the record that could support the idea that Queen City LLC over in Charlotte, or Smithfield LLC, in that basis, has anything to do or is closely related to the underlying dispute. And there's one other reason why the closely related test would fail, and that's look at Saber Holdings, the holding company here. There is no dispute that Saber Holdings is a holding company. It has no direct involvement at all below. And ownership is not sufficient to establish the test. In Seventh Circuit, excuse me, the 12th, no, excuse me, the Seventh Circuit in Adams v. Rangery made that clear. Judge Posner said mere affiliation or ownership alone is not sufficient to satisfy the test. The only evidence in the record, the only evidence that could be in the record, is that Saber Holdings has an ownership interest. It has no active involvement whatsoever in the care provided at Franklin Manor. Thank you, Mr. Basile. Mr. Guggenheim? Yes, Your Honor. Whenever you're ready. Thank you, Your Honor. May it please the Court, we represent the appellees in this particular case. I think it's very important for the Court to realize from the beginning we're talking about venue. The appellant seemed to suggest in the first instance that we're dealing, that Judge Boyle was conducting a jury trial on the issue of piercing the corporate veil and the closely related test. We're not dealing with, that is a standard beyond summary judgment. That is a standard that's ordinarily up to a jury to decide whether or not a party has met its burden by the preponderance of the evidence and under the law as given by the Court. We're not dealing with summary that has race judicata effect on whether or not the defendants are alter egos of one another. Your position is that after the prior appeal, all that the district court should have done is what it did, which is determine whether there's a prima facie case. I just want to understand your position is that's what the district court was supposed to do, that's what it did, and the language in the prior appeal suggested the contrary was mistaken? Yes, your honor. I think this court was mistaken in the Bartles I, we'll call it, for two reasons. I think what happened was, and we have to look at this in the context of Atlantic Marine, because Atlantic Marine is very instructive about the burden of proof as it relates to a forum selection clause. And in Atlantic Marine, the Supreme Court reversed that burden because there's a presumption that forum selection clauses are valid. And so what the Supreme Court did is said that the party opposing a valid and enforceable forum selection clause has the burden of transfer of jurisdiction is unwarranted. Now the context of the Atlantic Marine case was procedurally different than this case. However, the court addressed that very issue and held that in the context of a forum selection clause where the transferee court is a state court or a foreign forum, then the forum non-convenience analysis, which that doctrine is in 1404A, should be applied. So we have really two issues. This court said in Bartles I that the plaintiff has, that this is an affirmative defense to jurisdiction. And therefore the court concluded that the burden of proof was on the plaintiff to prove that the context of this being a CAFA case. And the defendants, once they satisfied these basic jurisdictional requirements with respect to CAFA, the cases seem to suggest that the burden then shifts to you all. And I get the point that alter ego is also intertwined with the merits. But the only reason why we're considering that at this stage is because you have decided that you prefer not to be in federal court. And that's fine, but if you're going to make that claim, it seems to me that notwithstanding the usual process that you don't decide alter ego, that alter ego is a merits-based defense, in this case it seems appropriate to put the burden on you. Well, I disagree, Your Honor, and I disagree because of Atlantic Marine. And Atlantic Marine, the language of Atlantic Marine, the Supreme Court was very clear. And we've already, and this court has already decided that a valid forum selection clause trumps CAFA. So I don't really think we're dealing with a CAFA jurisdictional issue. As the Supreme Court said in Atlantic Marine, forum non-selection, forum selection clauses are their own animal and has its own doctrine. Irrespective of CAFA, CAFA doesn't matter because it's a jurisdictional issue. We're talking about venue. And so I think the issue is twofold. The first question is, who is bound by the forum selection clause? That is a distinct issue. If the district court finds that all of the defendants are bound by the forum selection clause, then under Atlantic Marine, the district court follows the Supreme Court's instructions in Atlantic Marine and makes a determination as to, puts the burden on the defendant to then prove. But you start that, you start your story, and I get your step. You start your story by saying, if the district court finds, and the question that we have is not your framework, like your framework's fine, you're redefining what finding means. You're saying, you don't actually have to find it, right? The previous decision we should now ignore because finding, in your mind, is not a factual matter. It's just a prima facie matter. You just got to give a plausible, and that's what we mean by prima facie, a plausible story for alter ego, which is what the judge did below, and not actually find that they are an alter ego. And that, to me, seems like the fundamental disagreement. Because I suspect that you recognize that if you actually have to make factual findings, you got trouble. And so I understand why you're fighting here, but why do we not ask the court, either this court in the first instance or the district court initially, to actually make factual findings as to whether these sister companies are alter egos? Well, I agree with you, Your Honor. I agree that the first step for the court, and the unknown question is, what is the burden of proof to prove in the first instance? Because remember, we're trying to establish, the plaintiff is trying to establish, that four defendants are bound by a forum selection clause. If that occurs, then we get to the second step, which is the Atlantic Marine issue. But I'm at the first step. And I agree, we're in the first step. The unknown question, though, is what burden does the plaintiff, if the plaintiff even bears a burden, what burden does the plaintiff bear to establish that the four non-signatory defendants are bound by the forum selection clause? Well, if we can say that the trial judge didn't clearly, his findings of fact weren't clearly erroneous, why does it matter? It doesn't. And that's my point. I thought your point was the district court didn't make findings of fact. He just determined whether there was prima facie evidence, which is not a finding of fact, right? That's a finding of a plausible fact. And I think that's all he has to do. No, I get that, but that's not a finding of fact. That's the finding of a plausible fact. Those are very different standards. Agreed, Your Honor. And that's the point I'm trying to make, is I think at this stage of the litigation, when we're talking about venue only, that we're not talking about a court making a finding as a matter of law that these defendants are or are not alter egos of one another. That's a question for a jury. When we get to a jury trial, because in fact in this case, we've made allegations of alter ego. And those are inherently factual questions. I don't think at this stage of the litigation, when we're talking about an issue of venue, that the plaintiff has the burden of proving by a preponderance of the evidence that the defendants are alter egos of one another. Well, assume the burden is on you. What's your best evidence for enforcing the selection clause? Well, I think we've made two arguments. And I think we've demonstrated, as the district court properly concluded, and I think it's an abuse of discretion standard at this stage, as to whether or not these four defendants, for venue purposes only, are bound by the forum selection clause. What's your best evidence? Well, I think we submitted a plethora of not in what form, but what? Your Honor, if you look at the plaintiff's brief and in the record, the plaintiff cited to multiple findings by the district court as to the relationship of the parties, beginning on page 18 of the Appley's brief, going on to page 19, we summarized all of the findings by the actual findings of the district court. I think this court is called upon at this stage, and I don't know the answer to the question, whether or not the court must look at the court's factual findings to see if they're clearly erroneous, or whether it was an abuse of discretion by the court to conclude at this stage of the litigation that the defendants are bound by the forum selection clause. And so, that's the real issue for the court, is in order to get there, we have to know what the standard of review is. Can I maybe ask Judge Floyd's question slightly differently, because I'm not sure we're getting it. Tell me, with facts, not citations, but facts, what Queen City, that facility, what precisely they did to exercise control or involvement with Franklin Manor? I think the evidence is that these saber entities... No, no, no, no. Queen City, I want to know the facts that show Queen City's involvement with Franklin Manor. The facts are that Queen City is a sham corporation, and so Queen City... Okay, what else? Right, and the reason... That's a there are facts that Queen City... Basically, the evidence in the record demonstrates that this saber entity, Saber Holdings, and Saber Healthcare Group, controlled and operated all of the three North Carolina care centers, Queen City, Franklin Operations, and Gabriel Manor. They... Do you have evidence, and I'll just ask it one more time, and then I'll assume that there's none, that Queen City had control or involvement with Franklin Manor? I understand you've got a theory about holdings and healthcare, Saber Holdings, Saber Healthcare. I understand that. I'm asking a more specific question. What did Queen City have to do with Franklin Manor? Queen City, in its form as a legal LLC, that's all it was. And what we're arguing, and if we're just looking at that in isolation, as a company on a piece of paper, can I say that that company on that piece of paper, which we say didn't exist in any form other than a piece of paper, I can't tie that piece of paper to Franklin Operations. Can you tie employees from Queen City taking actions that controlled or affected Franklin Manor? Well, the underlying question is, is who did these people work for? And so, our position in the facts allege that they were all employed by Saber Healthcare Group. They were all controlled by Saber Healthcare Group. All the budgets were set by the Saber Healthcare Group and Saber Holdings. All of the administrators were hired by Saber Healthcare Group and Saber Healthcare Holdings. The owners of every company were the same. The owners, there was this consulting agreement that the appellates refer to. Well, that's a piece of paper that is signed as a consulting agreement by all the owners of all of the companies together. So, the owner of Queen City, their corporate officer signed basically a consulting agreement with himself. And the evidence has showed, as I said, all of the budgeting, all of the employee reviews, the hiring of the administrator, the setting of expenditures, how much they were allowed to spend. All of that evidence, I'm not sure this is helpful. I mean, you might want to go to some of that. But all of that is helpful for explaining why Saber Group and maybe Saber Healthcare are the alter ego of Franklin. All of that I understand, right? And that may show why Saber Healthcare is the alter ego of Queen City. And it may show why healthcare is the alter ego of whatever the third one is. But what it doesn't show at all is the sister relationship. And that's what I'm trying to get at. And I take your position, and I understand your position doesn't matter. But I just wanted to see if there was anything I was missing that connected that. But I understand your view. I can't really. The problem, the inherent problem, Your Honor, is that Queen City doesn't exist based on the evidence other than as a piece of paper. And so that's why I'm having a hard time of making a connection of a piece of paper to another piece of paper, Franklin Operations. And that's the very reason that we have the alter ego theory. And that's the very reason that we have this closely related. But Queen City did sign a consulting agreement, didn't it? They all signed the exact same consulting agreement with themselves. And so. The consulting agreement with Sabre Healthcare. Well. Not with Franklin, right? Well, they all signed the identical consulting agreement. I understand. But the parties to the consulting agreement were Queen City and Sabre Healthcare. If you look at the person that was signing, he signed on behalf of Queen City. Correct. And, again, the same person who signed on behalf of Queen City signed on behalf of Franklin Operations and on behalf of Gabriel Manor and the same person that signed on behalf of Sabre. It's all the same people. So, again, I'm having difficulty answering your question because you're asking me to connect two pieces of paper, which I can't do. Admittedly, I can't connect the two pieces of paper. But what I can say also is that at this stage, at this stage of the litigation, we're not here on an appeal of a summary judgment granted in favor of the defendant on alter ego or on whether they're bound to the contract under a close relationship test. We're only here to decide what burden the plaintiff had to demonstrate at this stage of the litigation whether or not the parties are bound to a forum selection clause. And so the underlying issue relates to what burden of proof does the plaintiff have at this stage? I don't disagree that if we were at a summary judgment stage and the court was being asked to conclude as a matter of law whether or not the parties were alter egos of one another. What do you say the burden of proof is? I think it's a prima facie burden, Your Honor. I think at this stage, and it's an abuse of standard, the defendants will have every opportunity, if they want to, to legally challenge whether they're bound by this. And this is a breach of contract case. So ultimately, there's going to be an issue as to whether or not legally the defendants are bound to the contract, whether as a signatory or as a non-signatory. And that's the ultimate issue for a jury to decide because it's inherently factual. But the question is, are we jumping the gun and putting too heavy a burden on the plaintiff at this stage of the litigation to merely establish venue? And that's where I think that's the unknown. I can't answer the question as to what that burden is because there's no out there. And I don't know that the district court necessarily had the proper guidance. But I think what the appellants are asking is to put a preponderance of the evidence burden of proof, which would be the same burden the plaintiff would have at a trial on alter ego. And I don't think that we'd get there on a venue issue. Didn't we, I mean, we didn't explicitly state that the burden would be by a preponderance of the evidence. But near the end of our opinion in the first case, Judge Trachler said this, given the manner in which a form selection clause operates in the removal context, we believe that the plaintiff must bear the burden of demonstrating that the defendant waived its right to remove an otherwise removable case by agreeing to a form selection clause. And then he also talked about how these questions are inherently factual. The district court made no findings of fact, simply accepted the plaintiff's allegations as true. I get the point that he never, we never explicitly said preponderance of the evidence. But all of that seems to suggest to me that that's what the burden should be. Preponderance of the evidence. That's right. And respectfully, I disagree, Your Honor. And I think even so, if that's the case. Because district court did here, right? Give you the benefit of the facts, right? It took it as a pleading standard. And, you know, whatever we might think of that, it seems like that issue's been resolved. Which issue, Your Honor? The issue of whether this is a prima facie question or a factual question, right? Factual questions are not prima facie questions, right? Factual questions are determinations of facts. Are they the alter ego? That requires factual determinations. Which, and then the question is, is when the judge is looking at the facts, is it, does the plaintiff have to prove by a preponderance of the evidence that the defendants are alter egos? Or that the defendants are closely related for purposes of establishing venue? And if so, if the court makes that conclusion, does that operate give race judicata effect to a claim for breach of contract or an alter ego claim? If that's the case and the judge makes those findings, is that in turn race judicata? And therefore, as a matter of law, the defendants are alter egos of one another, and they're all legally liable for the actions of one or all. And so that's the underlying point that I'm trying to make. And so if- Well, that works both ways, I suppose. It does. But I don't think, but so what would happen is you completely take away from the should not be greater than even a summary judgment standard, which is what the appellants are suggesting. And if we had to prove by a preponderance of the evidence that the defendants are alter egos of one another, then that's even a standard beyond summary judgment. And the court's taking away all of the jury issues on that issue, because in this case, we have an alter ego claim. So that's the inherent problem with the courts imposing that burden on the plaintiffs, in this case or any case, in a venue question. And so if that is truly the burden, I think we have a big problem. All right, Mr. Cooper. Thank you. Thank you, Your Honor. Thank you, Your Honor. Please, the court. I wanted to address a few of the points that was raised with Mr. Guggenheim. First of all, under the contention that at this stage, Your Honor, we shouldn't have to do this precise alter ego analysis. Your Honor, we have seen no case law that allows a plaintiff to shortcut the required elements of an alter ego analysis simply because we're before summary judgment. In fact, the case law suggests just the opposite. Do you agree that Registered Decada would apply, or issue of conclusion would apply, if the district court found that you were an alter ego? In the hypothetical, they found that you were the alter ego for purposes of the forum selection clause. Would that preclude the court from giving that issue to the jury for purposes of liability? No, Your Honor. Why not? It's a similar situation to a party seeking to enforce an arbitration agreement. A forum selection clause or an arbitration agreement is a type of forum selection clause. A party who is seeking to enforce an arbitration agreement, like the plaintiffs here, it is a summary judgment standard. And it is done at the initial stage of the case. It is not a finding of fact that's later binding, but you have to still prove it at that time under a preponderance of the evidence standard. It's very similar to the arbitration context. Your Honors, it's also similar to when people try to use an alter ego doctrine to tie someone in for the federal court to have personal jurisdiction. And as this court knows in its Newport News holding case, which is 2011, that's a case which is analyzing whether or not you can use the alter ego theory to bind someone to establish personal jurisdiction. And at that stage, this court went through, or excuse me, the district court, the firm of this court, went through each of the required elements of the alter ego doctrine. You have to go through each one of those. And made, and in that particular case, I'm not familiar with that one, made factual findings. Didn't just sort of accept the prima facie case. That's right, Your Honor. There's not, the other one I'll mention too, the American fuel case, if you go into the arbitration context again, we cited this in our brief, it's a second circuit case. And there it reversed the district court's use of a veil piercing theory to hold a non-signatory corporate, a corporation subject to an arbitration clause because it did not go through each element of the alter ego theory and analyze that. But this is a venue case. The question was to be state or federal court. That's not the same thing about whether you arbitrated a case or not. Yes, Your Honor, but we have found no case law at all that allows a plaintiff at any stage to shortcut this analysis. The alter ego doctrine, the preservation of a corporate form, it's a foundational tenet of American law. And all the states under all applicable, under each applicable state law has required elements that must be shown in order to do so. And Your Honor, at that stage, just like in an arbitration context or in, Your Honor, just like we would, it's the same standard as we set forth in our brief under CAFA. If a CAFA exception applies, the plaintiff bears the burden to prove that a CAFA exception applies. And every circuit to have considered the issue, every single one has said plaintiff must bear that burden by preponderance of the evidence. And the courts resolve all doubts, reasonable doubts, in favor of the non-moving party, which is the defendants. There's no difference in this situation here. The plaintiffs, excuse me, the defendants have established CAFA jurisdiction. It's operating similar to an exception. And Your Honor, I did want to point the court's attention on, very quickly, to Queen's City. In the record, the joint appendix 712 through 715, I mean, Queen's City has at all times maintained its own separate employees. Mr. Guggenheim is talking about a shell here. It operates, it's separately licensed by the state of North Carolina to operate an adult care home. It has its own employees. This is not a piece of paper. I just don't understand that analysis. And finally, the standard overview here, Your Honor, all parties agreed in their brief, this issue's been waived, every party agreed that this is a motion to remand is viewed de novo. I don't understand where the abuse of discretion is coming from. Thank you, sir. Your Honor, I see I'm out of time. Thank you very much. All right, we'll come down and recounsel and move on to our second case.
judges: Albert Diaz, Henry F. Floyd, Julius N. Richardson